Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com

Attorney for the Plaintiff Kimberly Thacker

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| KIMBERLY THACKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| QUEST DIAGNOSTICS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Kimberly Thacker ("Plaintiff" or "Ms. Thacker") by and through undersigned counsel files her complaint against Defendant Quest Diagnostics, Inc. ("Defendant" or "Quest").

## **JURISDICTION AND PARTIES**

1. This is an action for violations of the Family Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, *et seq.*, Americans With Disability Act

Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.,* and pendent state claims including a violation of the Alaska Human Rights Act AS § 18.80.220 and a breach of the implied covenant of good faith and fair dealing. Plaintiff was disciplined as a result of requesting leave under FMLA and then terminated for requesting FMLA in violation of the FMLA and was discriminated on the basis of disability in violation of ADAAA and Alaska state law under AS § 18.80.220.

2. Plaintiff's claims arise out of her employment relationship with Defendant located at 4120 Laurel Street location in Anchorage, Alaska.

3. Ms. Thacker is a female over the age of 18 and is a citizen of Alaska and resides in Wasilla.

4. Ms. Thacker has a dependent child who has a disability.

5. Defendant is a corporation incorporated in New Jersey that does business in Alaska and has over 10,000 employees.

6. Defendant is vicariously liable for the actions of its officials and employees.

7. Ms. Thacker made a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter from the Commission on or about September and has filed her suit within ninety (90) days. *See* attached.

8. The events out of which this controversy arose occurred in Anchorage, Alaska.

9. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617, 42 U.S.C. § 12112(a), 28 USC § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## VENUE

10. The claims asserted in this action arose in this district and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## FACTS

11. Ms. Thacker began her employment with Defendant on January 27, 2007, as a supervisor.

12. At all times during her employment, Ms. Thacker had unused vacation and sick leave.

13. Ms. Thacker did not have any performance issues until she requested FMLA in September 2019 for needing time to care for her daughter who was diagnosed with a disability.

14. Her supervisor discouraged her from taking FMLA leave.

15. After requesting FMLA, Ms. Thacker was given an unwarranted final warning for an alleged compliance violation.

16. On or about March 10, 2020, Ms. Thacker informed her manager that she needed to work from home or take leave, including FMLA leave, because of COVID-19 and her daughter's compromised immunity and her employer

not providing adequate PPE.

17. On March 13, 2020, Ms. Thacker was informed that she was an essential employee and could not work at home. However, she was not an essential employee and other supervisors in lateral positions were allowed to telework. Three days later, on March 16, 2020, Ms. Thacker was terminated.

I. **FEDERAL CAUSES OF ACTION**

   A. **COUNT I- INTERFERENCE AND RETALIATION IN VIOLATION OF THE FMLA**

18. Plaintiffs incorporate by reference the foregoing paragraphs 1-17.

19. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 U.S.C. 2601, *et seq*.

20. From 2019 to the date of her termination, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

21. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiffs' rights provided under the Act.

22. Defendant's action foreclosed Plaintiff's rights under the FMLA, including but not limited to terminating her employment for applying for, requesting, and/or taking or attempting to take leave under the FMLA.

23. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

24. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. §§ 2617(a)(1)(A)(ii);

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**B. COUNT II- DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED (ADAAA)**

25. Plaintiff incorporates by reference the foregoing paragraphs 1-24.

26. At all times material hereto, Plaintiff was an employee and Defendant her employer is covered by and within the meaning of Title I of the ADA as amended, 42 U.S.C. § 12111(5)(a).

27. At all times material hereto, Plaintiff's daughter was and is an individual with a disability within the meaning of 42 U.S.C. § 12102(1).

28. Plaintiff's daughter is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12111(8).

29. Plaintiff's daughter has a physical impairment that substantially limits one or more major life activities.

30. Defendant was aware of Ms. Thacker daughter's medical condition and Ms. Thacker's need for leave.

31. Needing leave or the ability to telework to care for Ms. Thacker to care for her disabled thirteen-year-old daughter and protect her from Covid-19 when her employer was not taking safety precautions were factors that made a difference in Defendant's decision to terminate Ms. Thacker's employment.

32. Others not in her protected class were treated more favorably and were not terminated and were able to telework.

33. Defendant had a duty to engage in the interactive process and breached its duty to engage in the interactive process. *Barrett v. U.S. Air, Inc.*, 228 F3d 1105 (9th Cir. 2000).

34. Defendant had a duty to reasonably accommodate Ms. Thacker by allowing her to take leave or work from home, and Defendant breached its duty by failing to accommodate Plaintiff by not providing her leave or the ability to telework when she needed to protect her daughter as a result of her disability.

35. Such accommodation was not an undue hardship for the Defendant.

36. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of Defendant's violations of Plaintiff's rights under this Act as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected as her employment was terminated.

38. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the

*Thacker v. Quest Diagnostic, Inc.*  7
Case No.
Complaint

Case 3:20-cv-00283-JMK   Document 1   Filed 11/06/20   Page 7 of 13

gainful employment of her choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows: Back pay, front pay, reinstatement, pain and suffering, punitive damages, and attorney's fees, expert witness fees, and costs of this action, and such other relief as this Court may deem just and proper.

**II.  STATE CAUSES OF ACTION**

    **C.  COUNT III- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220(a)(1)- TERMINATION.**

39.  Plaintiff incorporates by reference the foregoing paragraphs 1-38.

40.  Defendant is covered by this statute.

41.  Ms. Thacker's minor daughter is a qualified individual with a disability that substantially limits one or more major life activities as defined under AS § 18.80.300 (10), (14)(A) and (15)(A).

42.  Ms. Thacker's supervisor who was aware of her daughter's disability and Ms. Thacker's need for leave or the ability to telework.

43.  Plaintiff was terminated on the basis of requesting leave or the ability to care for her disabled daughter in violation of AS §18.80.220 (a)(1).

44.  As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation

*Thacker v. Quest Diagnostic, Inc.*  8
*Case No.*
*Complaint*

Case 3:20-cv-00283-JMK   Document 1   Filed 11/06/20   Page 8 of 13

and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

### D. COUNT IV- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220- DISPARATE TREATMENT

45. Plaintiff incorporates by reference the foregoing paragraphs 1-44.

46. Plaintiff has been treated in a disparate manner on the basis of need to care for her minor daughter who has a disability.

47. Other employees who do not have a disability or do not have to care for family with a disability are treated more favorably.

48. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

### E. COUNT V- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220- FAILURE TO REASONABLY ACCOMODATE

49. Plaintiff incorporates by reference the foregoing paragraphs 1-48.

50. Defendant had a duty to engage in the interactive process and reasonably accommodate Plaintiff.

51. Plaintiff informed Defendant that she needed to telework or take leave to protect her immunity compromised daughter.

52. Defendant failed to engage in the interactive process with Plaintiff and failed to reasonably accommodate her request.

53. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

### F. COUNT VI- TORT OF WRONGFUL TERMINATION- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54. Plaintiff incorporates by reference the foregoing paragraphs 1-53.

55. Plaintiff's employment with the Defendant includes the implied covenant of good faith and fair dealing which is embodied in every employment relationship entered into in Alaska and imposes a duty on Defendant to treat its employees in a fair, equitable, nonbiased, and nondiscriminatory manner.

56. Defendant breached its duty when it terminated Plaintiff for requesting leave under FMLA to care for her minor daughter, for requesting to telework to make sure that her daughter who has a compromised immune disorder does not get COVID-19 when her employer did not provide PPE, and/or not providing Plaintiff a reasonable accommodation when requesting to telework, and terminating her employment shortly after making the request, and otherwise treating her in an unfair, inequitable, and discriminatory manner.

57. Defendant also breached its duty as it failed to supervise properly, monitor, properly train or admonish Ms. Thacker's supervisor's discriminatory behavior and actions.

58. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

### G. COUNT VII- INFLICTION OF EMOTIONAL DISTRESS
### (Intentional and/or Negligent)

59. Plaintiff incorporates by reference the foregoing paragraphs 1-58.

60. As a result of the intentional and extreme and outrageous conduct by Defendant and its employees and/or its breach of duty to not cause Plaintiff's emotional distress, including the unfair and discriminatory treatment and adverse actions that were taken against Plaintiff, Defendant caused Plaintiff to suffer medical damages and severe emotional distress.

## RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Kimberly Thacker requests an ad damnum in the amount of 10,000,000 (ten million) and demands judgment against Defendant as follows:

**A. Legal Relief:**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

**B. Equitable Relief:**

1. An order out of this Court re-instating Plaintiff to the position she would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,

Dated November 6, 2020:

*/s/ Sara L. Bloom*
Sara L. Bloom
Alaska Bar No. 1509071
Attorney for Plaintiff