Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com
Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| KIMBERLY THACKER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:20-cv-00283 |
| v. ) | |
| ) | |
| QUEST DIAGNOSTICS, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# DECLARATION OF SARA BLOOM

SARA BLOOM files her Declaration and says:

    1.    I am the attorney that represents Kimberly Thacker in this matter.

    2.    On April 29, 2020, approximately one month after Plaintiff's termination, I emailed Quest Diagnostics, Inc., CEO and President Steve Rusckowski ("Rusckowski") a detailed letter outlining Plaintiff's complaints of discrimination and wrongful termination. *See* Exs. 16(a) and (b).

3. Because I did not receive a response to my letter to Rusckowski, on May 5, 2020, I emailed Quest Diagnostics, Inc., General Counsel, Michael E. Prevoznik, forwarding him the email and letter I sent to Rusckowski. *See* Ex. 16(c)

4. On May 8, 2020, I received a response from Quest Diagnostics, Inc. senior counsel, Michelle G. Fefferman ("Fefferman"), acknowledging my April 29, 2020 letter and letting me know to direct all future correspondence and communications to her as she will be handling the matter, and that she is currently reviewing the facts and will get back to me. *See* Ex. 16(d).

5. I corresponded by phone and by email with Quest Diagnostics' Senior Corporate Counsel Fefferman whose email signature block reads

> Michelle G. Fefferman
> Quest Diagnostics | Senior Corporate Counsel | Legal Department | 500 Plaza Drive | Secaucus, NJ 07094 USA
> Office phone +1.973.520.xxxx| mobile +1.973.602xxxx| fax +1.973.520.xxxx |
> Michelle.G.Fefferman@questdiagnostics.com |
> QuestDiagnostics.com

(phone number redacted). *See* Exs. 9(a) and (b).

6. Fefferman and I, on more than one occasion, discussed the merits of Ms. Thacker's case but could not come to a resolution. Fefferman agreed to accept service on behalf of Quest Diagnostics. *See* Ex. 9(a). At no time did she disclose that Ms. Thacker worked for Quest Diagnostics Clinical Laboratories, Inc.

7. I thoroughly reviewed Plaintiff Kimberly Thacker's personnel file provided to her by her employer and was 92 pages. *See* Ex. 2-fax cover sheet attaching her personnel file incorrectly claiming that it was 85 pages. This personnel file included

all of her records after her transfer to the Alaska office. HR did not provide Plaintiff's employment records prior to that transfer.

8. From my review of her file, there was no mention of Quest Diagnostics Clinical Laboratories, Inc. as her employer, and all of the personnel records and pay stubs, payroll records, and insurance records indicated that her employer was Quest Diagnostics, Incorporated or Quest Diagnostics™. *See* Exs. 1-8.

9. I filed a lawsuit on behalf of Ms. Thacker on or about November 6, 2020.

10. I emailed Fefferman on November 10, 2020, informing her of the filing and sending her the initial filings sent to the court. *See* Ex. 9(b).

11. I also served a copy of the complaint by certified mail return receipt requested on Quest Diagnostics Clinical Laboratories, Inc.'s registered agent Corporations Services Company ("CSC"). CSC received it at 1:00 p.m. on November 16, 2020. *See* Exs. 10 (summons), 11(proof of receipt) and 14(a) (corporations search information on Quest Diagnostics Clinical Laboratories, Inc.).

12. On December 1, 2020, I received an email from Quest Diagnostics senior corporate counsel Keena Housmann ("Housmann") informing me that Fefferman forwarded her my email and that Housmann will be the Quest in-house attorney that will be handling the matter and that they have retained Renea Saade to represent the company. *See* Ex. 9(b).

13. Counsel for the Defendant, Renea Saade, informed undersigned counsel on December 6, 2020, that she needed an extension to file the answer until December 28, 2020, and, again, on December 28, 2020, that she needed a second extension which was given by undersigned counsel to Ms. Saade. At no time did Ms. Saade indicate that

Plaintiff's employer was anything other than Quest Diagnostics, Inc. or that this was an issue. *See* Ex. 12(a).

14. On January 5, 2021, I emailed Ms. Saade that I just received her answer and wanted to know why this was the first time I learned about this issue. On January 7, 2021, she emailed me back, indicating that she did not know about this improper name issue before requesting an extension. Defendant does not oppose a motion to change the name in the complaint's caption as long as they could file an amended answer. *See* Ex. 12(b).

15. On January 7, 2021, I emailed Ms. Saade asking for documentation to show that Quest Diagnostics Clinical Laboratories, Inc. was, in fact, Plaintiff's former employer and have not yet received a response to that request. *See* Ex. 12(c).

16. On January 14, 2021, I had a conversation with State of Alaska Wage and Hour investigator Alecia Rathlin ("Rathlin"), who informed me that she remembered Ms. Thacker's wage claim and that she had corresponded with Quest Diagnostics counsel Fefferman. Fefferman did not tell or provide Rathlin with any information that Ms. Thacker worked for Quest Diagnostics Clinical Laboratory, Inc. Instead, Fefferman provided Rathlin Ms. Thacker's paycheck reflecting that Ms. Thacker worked for Quest Diagnostics, Inc. *See* attached Exs. 15(a)-(c).

17. Plaintiff provided me her W-2. I compared the Federal Tax ID listed on her W-2 with the SEC document found on the SEC's website. The Federal Tax ID number found on Plaintiff's W-2 is the same Federal Tax ID number associated with Quest Diagnostics Inc and <u>not</u> with Quest Diagnostics Clinical Laboratories, Inc. See Exs. 1(d) and 17 (SEC document -pertinent information highlighted).

18. I spent over thirty (40) hours working on this motion including legal and other research, preparing declarations, a memorandum of law, a proposed order, and other accompanying documents, which could have been easily avoided if the company held itself out properly to Plaintiff and others, or Defendant's counsel informed undersigned counsel of the issue.

I HEREBY CERTIFY UNDER THE PENALITIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated January 20, 2021

*/s Sara Bloom*
Sara Bloom